UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY STOUT, GERALD SPEARS & FORREST NELSON, on Behalf of Themselves and Others Similarly Situated, | ] ] CASE NO. 4:10-cv-01942 ] ] |
| *Plaintiffs*, | ] ] |
| v. | ] ] JURY TRIAL DEMANDED |
| UNIVERSAL ENSCO, INC. & UNIVERSALPEGASUS INTERNATIONAL, INC. | ] ] ] |
| *Defendants*. | ] ] |

# FIRST AMENDED COMPLAINT

### SUMMARY

1.  Universal Ensco, Inc. and UniversalPegasus International, Inc. (collectively, Universal) pay certain fields service workers using a day rate system. Under this system, workers receive a flat amount for each day worked but do not receive any premium pay for hours worked in excess of forty hours a week. This practice violates the overtime requirements of the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL) and the New Mexico Minimum Wage Act (NMMWA). This collective/class action seeks to recover the unpaid wages and other damages owed to these workers.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as well as pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000 and numerous members of the classes are citizens of states

1

different from Universal.  In addition or the alternative, this Court has supplemental jurisdiction over the IMWL and NMMWA claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) & (c) because Universal resides in this District.

## PARTIES

4. Anthony Stout (Stout) is a former employee of Universal.  Universal employed Stout as a field service worker and paid him according to its day rate system.  Stout filed a written consent with this Court.

5. Gerald Spears (Spears) is a current employee of Universal.  Universal employs Spears as a field service worker and pays him according to its day rate system.  Universal employed Spears in Illinois for at least one week in the past three years.  Spears filed a written consent with this Court.

6. Forrest Nelson (Nelson) is a current employee of Universal.  Universal employs Nelson as a field service worker and pays him according to its day rate system.  Universal employed Nelson in New Mexico for at least one week in the past three years.  Nelson filed a written consent with this Court.

7. Stout, Spears and Nelson bring this FLSA collective action on behalf of themselves and all other similarly situated field service workers who Universal paid according to its day rate system (the "Day Rate Workers").  Spears brings his claims under the IMWL individually and on behalf of all other Day Rate Workers employed in Illinois.  Nelson brings his claims under the NMMWA individually and on behalf of all other Day Rate Workers employed in New Mexico.

8. Universal Ensco, Inc. is now UniveralPegasus International, Inc. *See* Doc. 9, p. 1. Universal Ensco, Inc. employed Plaintiffs and the other Day Rate Workers as field service workers. Universal Ensco, Inc. is an enterprise engaged in commerce under the FLSA.

9. UniversalPegasus International, Inc. employed Plaintiffs and the other Day Rate Workers as field service workers. UniversalPegasus, Inc. is an enterprise engaged in commerce under the FLSA.

10. UniversalPegasus International, Inc. is the current name of Universal Ensco, Inc. KRG Capital Partners (a private equity firm) formed UniversalPegasus International, Inc. in February 2008 after acquiring and merging Universal Ensco, Inc. and Pegasus International, Inc. Universal Ensco, Inc. and UniversalPegasus International are joint employers of Plaintiffs and the similarly situated Day Rate Workers.

## FACTS

11. Universal provides a broad range of services to the oil and gas industry, including inspection and pipeline survey services. It employs more than 2,000 workers in many states and countries. Universal's gross revenues have exceeded $100 million for each of the past three years.

12. Over the past three years, Universal has employed more than 500 hundred workers – including Plaintiffs – as Day Rate Workers.

13. Universal generally sends a written "Offer of Employment" to the workers it intends to hire. Many of the "Offers of Employment" note the Universal's field service workers are "classified as Non-Exempt as established by the Fair Labor Standards Act".

14. Universal pays its Day Rate Workers a day rate for the work they perform.

15. While an employer can pay a non-exempt employee on day rate basis, the employee must receive overtime pay for hours worked in excess of 40 in a week. The employee's "regular rate" is determined by totaling all the sums received at such day rates in the workweek and dividing by the total hours worked. The employee is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

16. Universal's Day Rate Workers regularly more than 40 hours in a week. In fact, the timesheets submitted to Universal regularly indicate 60 or more hours worked in a week.[1] Nonetheless, Universal did not pay its Day Rate Workers overtime.

17. Because its day rate system does not pay non-exempt workers overtime for hours worked in excess of forty in a week, Universal's day rate system violates the FLSA, the IMWL, and the NMMWA.

18. Universal is aware its payment plan is illegal. For example, Universal knows of the FLSA's requirements because it often references Day Rate Workers status as "non-exempt" (that is, entitled to overtime pay) in its Offers of Employment. In addition, Universal has received a number of complaints regarding its overtime pay practices with respect to Day Rate Workers. Universal nonetheless recklessly disregarded its overtime obligations.

### COLLECTIVE ACTION ALLEGATIONS

19. Universal's day rate policy affects all the Day Rate Workers in a similar manner. Plaintiffs and the other Day Rate Workers are similarly situated for the purposes of their overtime claims. The collective action class is therefore properly defined as:

**All Day Rate Workers employed by Universal in the past three years.**

---

[1] If anything, Universal's time sheets understate the hours worked by its Day Rate Workers.

## CLASS ACTION ALLEGATIONS

20.     Spears' claims under the IMWL and Nelson's claims under the NMMWA may be maintained as class actions under Rule 23 of the Federal Rules of Civil Procedure.  The Day Rate Workers employed in Illinois, as well as those employed in New Mexico, have a well-defined community of interest and they are readily ascertainable.  Moreover, the requirements of Rule 23 are met with respect to each subclass.

21.     **Numerosity:** Universal has employed more than 100 Day Rate Workers in Illinois in the past three years.  In addition, Universal has employed more than 100 Day Rate Workers in New Mexico within the applicable statute of limitations.  Therefore, the joinder of all class members is impractical.

22.     **Commonality:** The common issues of fact and law regarding the legality of Universal's day rate payment scheme predominate over any other issues in this case.

23.     **Typicality:** Plaintiffs' claims are typical of the claims of the other Day Rate Workers.  Plaintiffs allege a common course of conduct (payment on a day rate system with no overtime pay) that resulted in violations of the FLSA, IMWL and NMMWA.  While the remedies provided by the IMWL and NMWA differ slightly from those under the FLSA, the core facts and legal standards giving rise to liability are the same.  Plaintiffs and the other Day Rate Workers have no antagonism or material conflicts.

24.     **Adequacy:** Spears will fairly and adequately represent and protect the interests of the Day Rate Workers employed in Illinois.  Nelson will fairly and adequately represent and protect the interests of the Day Rate Workers employed in New Mexico.  Spears' and Nelson's claims are coextensive with, and not antagonistic to, the claims of the Day Rate Workers they seek to represent.  Spears and Nelson are willing and able to vigorously prosecute this action on

behalf of the Illinois and New Mexico classes, and have retained competent counsel experienced in class action litigation.

25. Certification of the IWML and NMMWA claims are appropriate under FRCP 23(b)(3) because questions of law and fact common to these classes predominate over any questions affecting only individual members of either class. In fact, Universal's common day rate scheme violates the IMWL and the NMMWA (as well as the FLSA) for precisely the same reasons. The damages suffered by the individual Day Rate Workers employed in Illinois and/or New Mexico are small compared to the expense of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Universal's practices.

26. The IMWL subclass is properly defined as:

**All Day Rate Workers employed by Universal in Illinois for at least one workweek during the past three years.**

27. The NMMWA subclass is properly defined as:

**All Day Rate Workers employed by Universal in New Mexico for at least one workweek during the period Universal has used its day rate system.**

### CAUSE OF ACTION: FLSA

28. Plaintiffs incorporate the preceding paragraphs.

29. By failing to pay Plaintiffs and the other Day Rate Workers overtime at one-and-one-half times their regular rates, Universal violated the FLSA's overtime provisions.

30. Universal owes Plaintiffs and the other Day Rate Workers the difference between the rates actually paid and the proper overtime rate. Because Universal knew, or showed

reckless disregard for whether, its pay practices violated the FLSA, Universal owes these wages for at least the past three years.

31. Universal also owes Plaintiffs and the other Day Rate Workers an amount equal to all unpaid overtime wages as liquidated damages.

32. Plaintiffs and the other Day Rate Workers are entitled to recover all reasonable attorneys' fees, costs and expenses incurred in this action.

### CAUSE OF ACTION: IMWL VIOLATION

33. Plaintiffs incorporate the preceding paragraphs.

34. By failing to pay Spears and the other Day Rate Workers in Illinois overtime at one-and-one-half times their regular rates, Universal violated the IMWL's overtime provisions.

35. Universal owes Spears and the other Illinois Day Rate Workers the difference between the rates actually paid and the proper overtime rate.

36. Universal also owes Spears and the other Illinois Day Rate Workers punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a).

37. Spears and the other Illinois Day Rate Workers are entitled to recover all reasonable attorneys' fees, costs and expenses incurred in this action.

### CAUSE OF ACTION: NMMWA VIOLATION

38. Plaintiffs incorporate the preceding paragraphs.

39. By failing to pay Nelson and the other Day Rate Workers in New Mexico overtime at one-and-one-half times their regular rates, Universal violated the NMMWA's overtime provisions.

40. Universal owes Nelson and the other New Mexico Day Rate Workers the difference between the rates actually paid and the proper overtime rate.

41. Universal also owes Nelson and the other New Mexico Day Rate Workers an amount equal to all unpaid overtime wages as liquidated damages.

42. Stout and the other Day Rate Workers are entitled to recover all reasonable attorneys' fees, costs and expenses incurred in this action.

## JURY DEMAND

43. Plaintiffs demand a trial by jury.

## PRAYER

Wherefore, Plaintiffs pray for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. An order certifying a Rule 23 class action on behalf of all Day Rate Workers employed in Illinois;

3. An order certifying a Rule 23 class action on behalf of all Day Rate Workers employed in New Mexico;

4. Judgment awarding Plaintiffs and the other Day Rate Workers all unpaid overtime compensation and liquidated damages under the FLSA;

5. Judgment awarding Spears and the other Day Rate Workers employed in Illinois all unpaid overtime and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

6. Judgment awarding Nelson and the other Day Rate Workers employed in New Mexico all unpaid overtime and liquidated damages as provided by N.M.Stat.Ann. § 50-4-26(B)(1);

7. Reasonable attorney's fees, costs and expenses as provided by the FLSA, IMWL and NMWA;

8. Pre- and post-judgment interest at the highest rate allowable by law; and

9. All such other and further relief to which Plaintiffs and the other Day Rate Workers may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

      **/s/ Rex Burch**
By: _____
      Richard J. (Rex) Burch
      S.D. Tex. No. 21615
      Texas Bar No. 24001807
      *Attorney-In-Charge for Plaintiffs*
1415 Louisiana Street, Suite 2125
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

Derrick G. Earles (La#29570)
*Admitted Pro Hac Vice*
**BRIAN CAUBARREAUX**
      **& ASSOCIATES, LLC**
144 W. Tunica Drive
Marksville, Louisiana 71351
Telephone: (318) 253-0900
Facismile: (318) 253-5666

## CERTIFICATE OF SERVICE

I served a copy of this document on all counsel via the Court's ECF system.

      **/s/ Rex Burch**
      _____
      Richard J. (Rex) Burch